1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Annie S. Wang (SBN 243027)
   annie@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:    (818) 500-3200
5  Facsimile:    (818) 500-3201

6  Attorneys for Plaintiff
   Adobe Systems Incorporated
7
8  Nathanael Landsteiner
   1117 170th Ave.
9  Fairmont, MN 56031

10 Jaime Winegard
   400 County Rd.
11 Woodland Park, CO 80863

12 Defendants, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| Adobe Systems Incorporated, | ) | Case No. C08-3522 MMC |
|---|---|---|
| Plaintiff, | ) | [~~PROPOSED~~] PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |
| v. | ) | |
| Nathanael Landsteiner, et al. | ) | |
| Defendants. | ) | |

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Adobe Systems Incorporated ("Plaintiff") and Defendants Nathanael Landsteiner and Jaime Winegard (collectively "Defendants") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendants, their successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)   This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  Service of process was properly made against Defendants.

2) Plaintiff is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits A and B attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff;

        iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5) Each side shall bear its own fees and costs of suit.

6) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendants, be reopened should any of the Defendants default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this permanent injunction and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

_____
Hon. Maxine M. Chesney
United States District Judge

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: /s/ Annie S. Wang
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Adobe Systems Incorporated

Nathanael Landsteiner

By: _____
    Nathanael Landsteiner
Defendant, *in pro se*

Jamie Winegard

By: /s/ Jamie Winegard
    Jamie Winegard
Defendant, *in pro se*

Adobe v. Landsteiner, et al.: Proposed Perm. Inj. and Dismissal            - 3 -

7)   This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8)   The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9)   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)   The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendants, be reopened should any of the Defendants default under the terms of the Settlement Agreement.

11)   This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this permanent injunction and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: April 21, 2009

_____
Hon. Maxine M. Chesney
United States District Judge

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
   J. Andrew Coombs
   Annie S. Wang
Attorneys for Plaintiff Adobe Systems Incorporated

Nathanael Landsteiner

By: _Nathanael Landsteiner_
   Nathanael Landsteiner
Defendant, *in pro se*

Jamie Winegard

By: _____
   Jamie Winegard
Defendant, *in pro se*

Adobe v. Landsteiner, et al.: Proposed Perm. Inj. and Dismissal      - 3 -